# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHARLES LARSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KIM MATTOS, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-00726-BLF<br><br>**ORDER REQUESTING FILING OF PROOFS OF SERVICE** |

　　　　Before the Court is an unopposed motion by Charles A. Larson, Jr. to be substituted in as a party in place of his deceased father, Charles Larson, Sr.  ECF 23.  Mr. Charles A. Larson, Sr. was the plaintiff in this matter concerning alleged violations of both state and federal fair housing laws and the Americans with Disabilities Act.  Compl. 1.  The parties reached an agreement to settle this case after mediation on July 14, 2016.  Zito Decl. ¶ 4.  Mr. Charles Larson was not present at the mediation but gave his counsel, Mr. Thomas Zito, the authority to agree to the terms of an agreement on his behalf.  *Id.* ¶ 5.  For reasons unrelated to the settlement or negotiations, Mr. Larson was not able to sign the agreement before he passed away on August 14, 2016.  *Id.* ¶¶ 2, 6.  Charles Larson, Jr. and Alex Larson are Mr. Larson's two sons and sole heirs, both of whom have executed a declaration for collection of personal property pursuant to Cal. Prob. Code section 13100.  Ex. 1.  Because Mr. Larson has passed away, Charles Larson, Jr. signed the Stipulation of Settlement of this action on behalf of himself and the heirs of Mr. Larson.  Mot. 2.

　　　　Federal Rule of Civil Procedure 25(a) governs the substitution of a party due to death. Specifically, this provision provides, in relevant part:

> (1) *Substitution if the Claim is Not Extinguished*.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or

by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .

 (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

The Ninth Circuit in *Barlow v. Ground* held that Rule 25(a) requires two steps.  39 F.3d 231, 233 (9th Cir. 1994).  First, a suggestion of death of the party must be "filed upon the record."  *Id.*; *Johnson v. Bay Area Rapid Transit Dist.*, No. 09-0901-EMC, 2014 WL 1395749, at *2 (N.D. Cal. Apr. 10, 2014).  Second, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233.  Here, a suggestion of death has been filed by Mr. Zito.  ECF 22.  However, Mr. Zito has provided no proof of service of the suggestion of death and the motion to substitute.  Although Mr. Zito represents to the Court that he is counsel for Charles Larson, Jr. and Alex Larson, the Rule requires service of the suggestion of death and the motion to substitute in accordance with Rule 4 on the non-party successors.  Mot. 3.  Without the proofs of such service, this motion to substitute may be defective.  *Barlow*, 39 F.3d at 233 (9th Cir. 1994) (noting that "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons").

Accordingly, the Court requests the filing of proofs of service on Charles Larson, Jr. and Alex Larson in accordance with Rule 4, **on or before December 23, 2016**.  Absent proofs of service, the Court may deny the motion.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge