United States District Court
Northern District of California

1
2
3     **UNITED STATES DISTRICT COURT**
4     **NORTHERN DISTRICT OF CALIFORNIA**
5     **SAN JOSE DIVISION**
6
7  CHARLES LARSON, et al.,                Case No. 16-cv-00726-BLF
          Plaintiffs,
8
9         v.                              **ORDER GRANTING MOTION TO SUBSTITUTE PARTY**
10 KIM MATTOS, et al.,
          Defendants.
11
12
13        Before the Court is an unopposed motion by Charles A. Larson, Jr. to be substituted in as a
14 party in place of his deceased father, Charles Larson, Sr. ECF 23. Mr. Charles Larson, Sr. was
15 the plaintiff in this matter concerning alleged violations of both state and federal fair housing laws
16 and the Americans with Disabilities Act. Compl. 1. The parties reached an agreement to settle
17 this case after mediation but Mr. Larson passed away before he could sign the agreement. Zito
18 Decl. ¶ 2, 4-6. Plaintiff seeks to substitute Charles A. Larson, Jr., one of Mr. Larson's two sons
19 and sole heirs, in place of Mr. Larson to "sign the release of claims required by paragraph 3 of the
20 Stipulation for Settlement, and to authorize a filing of a Notice of Settlement and Stipulation of
21 Dismissal on behalf of the estate of the deceased." Ex. 1; Zito Decl. ¶ 8.
22        Federal Rule of Civil Procedure 25(a) governs the substitution of a party due to death.
23 Specifically, this provision provides, in relevant part:
24
> (1) *Substitution if the Claim is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .
>
> (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the

same manner. Service may be made in any judicial district.

The Ninth Circuit in *Barlow v. Ground* held that Rule 25(a) requires two steps. 39 F.3d 231, 233 (9th Cir. 1994). First, a suggestion of death of the party must be "filed upon the record." *Id.*; *Johnson v. Bay Area Rapid Transit Dist.*, No. 09-0901-EMC, 2014 WL 1395749, at *2 (N.D. Cal. Apr. 10, 2014). Second, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233.

The Court notes that Plaintiff has filed a suggestion of death and pursuant to a prior court order, has also filed proofs of service on nonparty successors of Mr. Larson, Charles Larson, Jr. and Alex Larson. ECF 22, 25, 27, 28. Given that this motion is unopposed and that Plaintiff has complied with Fed. R. Civ. Proc. 25(a), the Court GRANTS the motion to substitute Charles A. Larson, Jr. as Plaintiff in this action.

**IT IS SO ORDERED.**

Dated: December 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge